1

2

3

4

UNITED STATES DISTRICT COURT

5

NORTHERN DISTRICT OF CALIFORNIA

6

7

MARGARET EVE-LYNNE MIYASAKI,

Plaintiff,

8

v.

9

KYNA TREACY, et al.,

10

Defendants.

Case No.  12-cv-04427-MEJ

**ORDER FOR CLERK OF COURT TO REASSIGN CASE**

**REPORT & RECOMMENDATION**

11

12

13

**I.  INTRODUCTION**

14        On August 22, 2012, Plaintiff Margaret Eve-Lynne Miyasaki filed the above-captioned

15   case against Defendant Kyna Treacy.  Dkt. No. 1.  Although the case has been pending for over

16   two years, Plaintiff has not served Defendant, despite multiple requests for continuances of the

17   time for service.  On October 22, 2014, the Court issued a third order to show cause ordering

18   Plaintiff to show cause by November 3, 2014, why this case should not be dismissed for failure to

19   prosecute and failure to comply with court deadlines.  Dkt. No. 27.  The Court provided notice to

20   Plaintiff that it may dismiss the case if she failed to respond by the deadline.  As of the date of this

21   Order, no response has been received.  Based on this procedural history, the Court finds it

22   appropriate to dismiss this case pursuant to Federal Rule of Civil Procedure 41(b).

23                                    **II.  BACKGROUND**

24        Plaintiff created "Verdant Garden," a wearable textile fabric that incorporates a unique

25   crochet stitch pattern.  Compl. ¶ 4.  Plaintiff has published her artwork since 1998, in conformity

26   with the federal Copyright Act of 1976, 17 U.S.C. § 401.  *Id.* ¶ 5.  She alleges that Defendant

27   infringed the copyright by manufacturing or causing to be manufactured copies of Plaintiff's

28   crochet stitch pattern without her consent.  *Id.* ¶ 8.  Plaintiff alleges that Defendant is a resident of

United States District Court
Northern District of California

1   Australia.  *Id.* ¶ 2.

2          As there was no indication that Defendant had been served, the Court vacated the initial

3   Case Management Conference ("CMC") and ordered Plaintiff to file a status report by December

4   6, 2012.  Dkt. No. 3.  Plaintiff responded that she sent copies of the complaint and summons to

5   Defendant by international registered  mail, return receipt requested, pursuant to Federal Rule of

6   Civil Procedure ("Rule") 4(f)(2)(C)(ii).  Dkt. No. 5.  Based on Plaintiff's report, the Court

7   continued the CMC to February 14, 2013, with a CMC statement due by February 7.  Dkt. No. 7.

8   However, as Plaintiff failed to file a CMC statement by February 7, the Court vacated the CMC

9   and ordered Plaintiff to file an updated status report by February 21, 2013.  Dkt. No. 8.  In her

10  second report, filed February 25, Plaintiff stated that the complaint and summons had been

11  returned as undeliverable, and that she would attempt service by an Australian process server and

12  effect personal service pursuant to Rule 4(f)(2)(C)(i).  Dkt. No. 9.  Given Plaintiff's statement, the

13  Court did not set any deadlines as that time.

14          As of May 15, 2013, there was still no indication that service had been completed, and the

15  Court therefore ordered Plaintiff to file an updated status report by May 30.  Dkt. No. 10.  Plaintiff

16  failed to respond.  Thus, the Court issued an order show cause ("OSC") why the case should not

17  be dismissed for failure to prosecute and failure to comply with court deadlines.  Dkt. No. 11.

18  Plaintiff responded that she was still attempting to serve Defendant personally in Australia, but all

19  of the process servers to whom she had spoken limited their service of process to cases in

20  Australian courts.  Dkt. No. 12.  However, Plaintiff stated that she could effect service of process

21  within the next 90 days.  The Court discharged the OSC and ordered Plaintiff to file an updated

22  status report by September 5, 2013.  Dkt. No. 14.

23          In her fourth status report, filed September 5, Plaintiff stated that she had located a new

24  address for Defendant and would attempt to serve her by international registered mail "within the

25  week."  Dkt. No. 15.  Plaintiff also indicated that she was still attempting personal service and

26  therefore requested that the Court set a further status conference in 90 days.  As the case had been

27  pending for over one year, the Court set the matter for a status conference on December 12, 2013,

28  and ordered Plaintiff to file a status report by December 4.  Dkt. No. 16.

United States District Court
Northern District of California

1    On December 10, 2013, Plaintiff filed her fifth status report, indicating that she was still

2 attempting to effect service of process on Defendant and requesting that the Court continue the

3 case for another 90 days.  Dkt. No. 17.  On December 18, the Court granted her request and

4 continued the status conference to March 13, 2014.  Dkt. No. 18.  The Court ordered Plaintiff to

5 file a sixth status report by March 6, 2014, and noted that if Plaintiff had not effected service by

6 then, she must also show cause why the case should not be dismissed.  *Id.*  However, in her March

7 6 status report, Plaintiff stated only that she was still attempting to personally serve Defendant.

8 Dkt. No. 19.  Neither Plaintiff nor her counsel appeared at the March 13 status conference.  Dkt.

9 No. 20.

10    On March 14, 2014, the Court issued a second OSC for failure to prosecute and failure to

11 comply with Court deadlines.  Dkt. No. 21.  The Court ordered Plaintiff to file a declaration by

12 April 17, 2014, advising the Court of the efforts she had taken to serve Plaintiff since March 6,

13 2014, and scheduled a hearing on April 24, 2014.  *Id.*  On Plaintiff's timely motion (Dkt. No. 22),

14 the Court continued the written response date to May 1, 2014, and the hearing date to May 8,

15 2014.  Dkt. No. 23.  Plaintiff filed a response on April 30, 2014, indicating that a service processor

16 in Australia confirmed that the addresses Plaintiff had were all former addresses for Defendant,

17 and that all the information he had been able to locate indicated that Defendant no longer resided

18 in Sydney, Australia.  Dkt. No. 24.  Plaintiff stated that she believed Defendant obtained

19 permanent resident status in the United States and may have obtained a work permit under a

20 specialty occupation as a professional model.  *Id.*  Plaintiff also stated that she intended to either

21 obtain address information from the U.S. Citizen and Immigration Services or locate Defendant

22 through a skip tracing or other service.  *Id.*  Based on this updated information, the Court

23 discharged the second OSC and ordered Plaintiff to file a status report by July 1, 2014.

24    Plaintiff filed her seventh status report on June 30, 2014, indicating that she was still

25 attempting to effect service of process on Defendant but that she intended "to file a motion to

26 permit alternative service on defendant shortly."  Dkt. No. 26.  Given Plaintiff's intent to file a

27 motion, the Court did not set any deadlines at that time.  However, as of October 22, 2014, nearly

28 four months after her last status report, Plaintiff had not filed a motion or otherwise updated the

United States District Court
Northern District of California

1    Court as to the status of her service attempts.  As the case had now been pending for over two

2    years, and it appeared that Plaintiff had not been diligent in her attempts to serve Defendant, the

3    Court issued a third OSC.  Dkt. No. 27.  The Court ordered Plaintiff to file a declaration by

4    November 3, 2014, and warned Plaintiff that the Court may dismiss the case if no responsive

5    declaration was filed.  *Id.*  Plaintiff has failed to respond.

## III.  LEGAL STANDARD

7    Under Rule 41(b), "the district court may dismiss an action for failure to comply with any

8    order of the court."  *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992); *see also Oliva v.*

9    *Sullivan*, 958 F.2d 272, 273-74 (9th Cir. 1992) (district court may dismiss sua sponte for failure to

10   meet court deadline).  "[T]he district court must weigh the following factors in determining

11   whether a Rule 41(b) dismissal is warranted: '(1) the public's interest in expeditious resolution of

12   litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4)

13   the public policy favoring disposition of cases on their merits; and (5) the availability of less

14   drastic sanctions.'"  *Omstead v. Dell, Inc.*, 594 F.3d 1081, 1084 (9th Cir. 2010) (quoting

15   *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)).  "These factors are 'not a series of

16   conditions precedent before the judge can do anything,' but a 'way for a district judge to think

17   about what to do.'"  *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.* ("*In re PPA*"), 460 F.3d

18   1217, 1226 (9th Cir. 2006) (quoting *Valley Eng'rs Inc. v. Elec. Eng'g Co.*, 158 F.3d 1051, 1057

19   (9th Cir. 1998)).  Dismissal is appropriate "where at least four factors support dismissal . . . or

20   where at least three factors 'strongly' support dismissal."  *Hernandez v. City of El Monte*, 138

21   F.3d 393, 399 (9th Cir. 1998).

## IV.  DISCUSSION

23   Here, the Court finds that the *Henderson* factors support dismissal.  First, "the public's

24   interest in expeditious resolution of litigation always favors dismissal."  *Yourish v. Cal. Amplifier*,

25   191 F.3d 983, 990 (9th Cir. 1999).  This case has now been pending for over two years and

26   Defendant has yet to be served.  The Court recognizes that Rule 4(m) imposes a 120-day time

27   limit on domestic service but does not set a time limit for completing service on a defendant who

28   resides outside of the United States.  *See Lucas v. Natoli*, 936 F.2d 432, 432 (9th Cir. 1991).  The

Ninth Circuit has never specifically imposed any time limit on serving a foreign defendant. However, other circuits have held that "the amount of time allowed for foreign service is not unlimited." *Nylok Corp. v. Fastener World Inc.*, 396 F.3d 805, 807 (7th Cir. 2005); *see also Feliz v. MacNeill*, 493 Fed. App'x 128, 131 (1st Cir. 2012) ("[C]ourts have leave to dismiss for failure to serve abroad when a plaintiff is dilatory."). Further, Plaintiff has not followed through on her statements to the Court regarding service, and she has failed to respond to the third OSC. Accordingly, this factor weighs in favor of dismissal.

Second, the Court's need to manage its docket also weighs in favor of dismissal. Non-compliance with procedural rules and the Court's orders wastes "valuable time that [the Court] could have devoted to other . . . criminal and civil cases on its docket." *Ferdik*, 963 F.2d at 1261.

As for the third *Henderson* factor, the mere pendency of a lawsuit cannot constitute sufficient prejudice to require dismissal. *Yourish*, 191 F.3d at 991. However, "prejudice . . . may . . . consist of costs or burdens of litigation." *In re PPA*, 460 F.3d at 1228. Moreover, "a presumption of prejudice arises from a plaintiff's unexplained failure to prosecute." *Laurino v. Syringa Gen. Hosp.*, 279 F.3d 750, 753 (9th Cir. 2002). A plaintiff has the burden of demonstrating a non-frivolous reason for failing to meet a court deadline. *Id.*; *see also Yourish*, 191 F.3d at 991. Here, Plaintiff failed to follow through on her statements regarding service and failed to respond to the Court's third OSC. Therefore, the Court concludes that the third *Henderson* factor also supports dismissal.

The fourth *Henderson* factor, that public policy favors disposition of cases on their merits, normally weighs strongly against dismissal. *See, e.g., Hernandez*, 138 F.3d at 399. "At the same time, a case that is stalled or unreasonably delayed by a party's failure to comply with deadlines . . . cannot move forward toward resolution on the merits." *In re PPA*, 460 F.3d at 1228. The Ninth Circuit has "recognized that this factor 'lends little support' to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *Id.* (quoting *In re Exxon Valdez*, 102 F.3d 429, 433 (9th Cir. 1996)). Thus, if the fourth *Henderson* factor weighs against dismissal here, it does so very weakly.

Finally, the Court has already attempted less drastic sanctions, without success, and

United States District Court
Northern District of California

5

United States District Court
Northern District of California

1  therefore determines that trying them again would be inadequate or inappropriate.  "Though there

2  are a wide variety of sanctions short of dismissal available, the district court need not exhaust

3  them all before finally dismissing a case."  *Nevijel v. N. Coast Life Ins. Co.*, 651 F.2d 671, 674

4  (9th Cir. 1981).  Here, the Court already attempted the lesser sanction of issuing an Order to Show

5  Cause and giving Plaintiff an opportunity to explain her failure to complete service.  As Plaintiff

6  failed to respond, another order requiring her to respond is likely to be futile.  *See, e.g.*, *Gleason v.*

7  *World Sav. Bank, FSB*, 2013 WL 3927799, at *2 (N.D. Cal. July 26, 2013) (finding dismissal

8  under Rule 41(b) appropriate where the court previously attempted the lesser sanction of issuing

9  an Order to Show Cause and giving the plaintiff an additional opportunity to re-plead).  Further,

10  the Court's third OSC warned Plaintiff of the risk of dismissal; thus Plaintiff cannot maintain that

11  the Court has failed in its "obligation to warn the plaintiff that dismissal is imminent."  *Oliva*, 958

12  F.2d at 274.  Thus, the Court finds that the fifth factor also weighs in favor of dismissal.

### V.  CONCLUSION

14         Based on the analysis above, the Court finds that at least four of the five *Henderson* factors

15  weigh in favor of dismissal.  This case has been pending for more than two years, yet Plaintiff

16  failed to follow through on her statements regarding service of process and failed to respond to the

17  Court's third OSC.  Thus, Plaintiff failed to prosecute this case and dismissal is appropriate.

18  However, a less drastic alternative is to dismiss without prejudice.  *See Ferdik*, 963 F.2d at 1262.

19  Dismissal will minimize prejudice to Defendant, but dismissing the case without prejudice will

20  preserve the ability of Plaintiff to seek relief.  Thus, "[i]n an abundance—perhaps

21  overabundance—of caution," the Court finds that dismissal without prejudice is appropriate.

22  *Faulkner v. ADT Sec. Servs., Inc.*, 706 F.3d 1017, 1021 (9th Cir. 2013) (remanding to the district

23  court in order to consider whether dismissal should have been without prejudice).

24         Accordingly, because Plaintiff did not yet file a consent to the undersigned's jurisdiction,

25  the Court hereby ORDERS the Clerk of Court to reassign this case to a district court judge.  The

26  undersigned RECOMMENDS that the newly-assigned judge DISMISS this case WITHOUT

27  PREJUDICE for failure to prosecute and failure to comply with the Court's deadlines and orders.

28         Pursuant to Federal Rule of Civil Procedure 72, any party may serve and file objections to

this Report and Recommendation within 14 days after being served.

        **IT IS SO ORDERED AND RECOMMENDED.**


Dated: November 5, 2014

_____
MARIA-ELENA JAMES
United States Magistrate Judge

United States District Court
Northern District of California