UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MARGARET EVE-LYNNE MIYASAKI,<br><br>    Plaintiff,<br><br>    v.<br><br>KYNA TREACY, et al.,<br><br>    Defendants. | Case No. 5:12-cv-04427 EJD<br><br>**ORDER GRANTING ADMINISTRATIVE MOTION TO FILE UNDER SEAL; ADOPTING REPORT AND RECOMMENDATION; DISMISSING CASE**<br><br>Re: Dkt. Nos. 28, 41 |

    Plaintiff Margaret Eve-Lynne Miyasaki ("Plaintiff") filed a Complaint for copyright infringement on August 22, 2012, against individual defendant Kyna Treacy ("Treacy") and three websites allegedly owned and operated by Treacy: kinibikini.com, kinibikini.com and shopkinibikini.com. See Compl., Docket Item No. 1. The action was originally assigned to Magistrate Judge Maria-Elena James. When Plaintiff failed to serve Treacy with the Summons and Complaint and then failed to respond to a third Order to Show Cause, Judge James ordered this case reassigned to a district judge and issued a recommendation that this action be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(b). See Docket Item No. 28. Plaintiff filed a response and objection. See Docket Item No. 41.[1]

    Having carefully reviewed this action and considered Judge James' recommendation along with Plaintiff's objection, the court finds, concludes and orders as follows:

    1.    Plaintiff's arguments based on the rules and procedures applicable to magistrate judge jurisdiction are misplaced for two reasons. First, nothing out of the ordinary occurred here. This action was assigned to Judge James at initiation pursuant to Section E of General Order No.

---

[1] Plaintiff's Motion to Seal (Docket Item No. 41) is GRANTED.

1
Case No.: 5:12-cv-04427 EJD
ORDER GRANTING ADMINISTRATIVE MOTION TO FILE UNDER SEAL; ADOPTING REPORT AND RECOMMENDATION; DISMISSING CASE

44. As this court sees it, that assignment constituted a referral under 28 U.S.C. § 636(b) unless and until all parties consented to Judge James, as was necessary for her to preside for all purposes according to § 636(c). That consent was never obtained. Under these circumstances, Judge James then did exactly what was required by § 636(b)(1)(B) and Tripati v. Rison, 847 F.2d 548 (1988), when she ultimately recommended an involuntary dismissal: since she could not enter such an order, she issued a report and recommendation and had the case reassigned to a district judge. The undersigned received the recommendation, to which Plaintiff timely objected under Federal Rule of Civil Procedure 72(b).

2. Second and in any event, the manner or reason for reassignment is really of no moment. A district judge's ability to issue orders in this case cannot be questioned. And just like any case that is transferred between courts or between judges, the undersigned takes over where the predecessor left off. Here, taking over this case means resolving the Order to Show Cause issued on October 22, 2014, which has not yet been discharged. There is no prejudice to Plaintiff in considering Judge James' recommendation when doing so because Plaintiff was given the opportunity to respond to it. The court will not order the case referred back to Judge James based on Plaintiff's recently-filed consent because Plaintiff experienced no prejudice from the reassignment.

3. As to the recommendation, it is neither erroneous nor does it constitute an abuse of discretion. Indeed, Judge James properly identified Rule 41(b) as authority to order dismissal and then thoughtfully considered this case in light of the factors delineated by Henderson v. Duncan, 779 F.2d 1421 (9th Cir. 1986). Four of the five Henderson factors favored dismissal, and Judge James determined the dismissal should be without prejudice to preserve Plaintiff's ability to re-file her claims.[2] Such a result is entirely consistent with the law and falls within the scope of acceptable outcomes.

---

[2] For this reason, the court does not share Plaintiff's characterization of the recommendation as the equivalent of terminating sanctions.

4.       Plaintiff's recent discovery of yet another possible address for Treacy does not provide adequate reason to maintain this litigation. This address appears no more promising than the ones previously identified. Moreover, considering the history of this action as well as Judge James' prior unsuccessful efforts to progress it in some fashion, the court is not convinced that Plaintiff will be any more diligent in finally finding Treacy or accomplishing service of process in one form or another. Plaintiff knew she faced a service challenge from the outset of this case since it goes without saying that service on a foreign defendant can be more challenging than service on a domestic one, even when the foreign defendant does not evade service. But instead of acting diligently in the face of that challenge, the status updates made to the court reveal insignificant efforts at service. Furthermore, the court cannot ignore the fact that Plaintiff failed to observe even the minimal deadlines imposed by Judge James and caused the issuance of three orders to show cause. Thus, if the past is any indicator, declining to dismiss this case now will leave this court in the same position as Judge James when all is said and done - with frustration over missed deadlines and an unserved Complaint.

In the end, Plaintiff has been given more than sufficient time - over two years - to complete one task. She did not do so, and failed to meet filing deadlines along the way. This case cannot remain in a state of arrested development, moving from one status conference to the next, while Plaintiff searches for a way to serve it. Accordingly, the court ADOPTS the recommendation issued on November 5, 2014, in conjunction with an Order to Show Cause. This case is DISMISSED WITHOUT PREJUDICE pursuant to Federal Rule of Civil Procedure 41(b). All other pending matters are DENIED AS MOOT and the Clerk shall close this file.

**IT IS SO ORDERED.**

Dated: November 24, 2014

EDWARD J. DAVILA
United States District Judge

3
Case No.: 5:12-cv-04427 EJD
ORDER GRANTING ADMINISTRATIVE MOTION TO FILE UNDER SEAL; ADOPTING REPORT AND RECOMMENDATION; DISMISSING CASE