UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MARGARET EVE-LYNNE MIYASAKI,<br><br>Plaintiff,<br><br>v.<br><br>KYNA TREACY, et al.,<br><br>Defendants. | Case No. 5:12-cv-04427-EJD<br><br>**ORDER:**<br><br>**GRANTING IN PART AND DENYING IN PART MOTION TO SET ASIDE DEFAULT AND QUASH SERVICE OF PROCESS;**<br><br>**DENYING AS MOOT MOTION FOR DEFAULT JUDGMENT; AND**<br><br>**GRANTING MOTION TO STRIKE ANSWER**<br><br>Re: Dkt. Nos. 65, 71, 76 |

Plaintiff Margaret Eve-Lynne Miyasaki ("Plaintiff") claims to own a copyright for "an original work of wearable art" known as "Verdant Garden" which "incorporates a unique crochet stitch pattern." Compl., Dkt. No. 4, at ¶ 4. She alleges in this action that Defendant Kyna Treacy ("Defendant") infringed her copyright through articles of clothing incorporating the same unique crochet stitch pattern design as "Verdant Garden." Id. at ¶ 8. Defendant was served with process on October 10, 2015, and the Clerk entered Defendant's default on March 11, 2015. Dkt. No. 50.

Federal jurisdiction arises pursuant to 28 U.S.C. § 1331. Presently before the court are three motions: (1) Defendant's motion to set aside the default and quash service, (2) Plaintiff's motion for default judgment, and (3) Plaintiff's motion to strike an Answer filed by Defendant on March 30, 2016. Dkt. Nos. 65, 71, 76. Because the court finds these matters suitable for decision

1

Case No.: 5:12-cv-04427-EJD
ORDER GRANTING IN PART AND DENYING IN PART MOTION TO SET ASIDE DEFAULT AND QUASH SERVICE OF PROCESS; DENYING AS MOOT MOTION FOR DEFAULT JUDGMENT; AND GRANTING MOTION TO STRIKE ANSWER

without oral argument pursuant to Civil Local Rule 7-1(b), the hearing scheduled for May 19, 2016, is VACATED.

Having carefully considered the pleadings filed by the parties, the court finds, concludes and orders as follows:

1. "The court may set aside an entry of default for good cause . . . ." Fed. R. Civ. P. 55(c). Whether or not to do so is discretionary, but "[t]he court's discretion is especially broad where, as here, it is entry of default that is being set aside, rather than a default judgment." Mendoza v. Wright Vineyard Mgmt., 783 F.2d 941, 945 (9th Cir. 1986).

2. "The good cause analysis considers three factors: (1) whether [defendant] engaged in culpable conduct that led to the default; (2) whether [defendant] had a meritorious defense; or (3) whether reopening the default judgment would prejudice [plaintiff]." Franchise Holding II, LLC v. Huntington Rests. Grp., Inc., 375 F.3d 922, 925-26 (9th Cir. 2004). Since they are phrased in the disjunctive, the court may deny the motions if any of the factors are true. Id. at 926.[1]

3. Looking at the first factor, "[t]he usual articulation of the governing standard . . . is that 'a defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and *intentionally* failed to answer.'" TCI Group Life Ins. Plan v. Knoebber, 244 F.3d 691, 697-98 (9th Cir. 2001) (quoting Alan Neuman Prods., Inc. v. Albright, 862 F.2d 1388, 1392 (9th Cir. 1988)). The Ninth Circuit has held that the word "intentional" in this standard requires evidence of conduct that is willful, deliberate, or undertaken in bad faith. Id. at 697. "Neglectful failure to answer as to which the defendant offers a credible, good faith explanation negating any intention to take advantage of the opposing party, interfere with judicial decisionmaking, or otherwise manipulate the legal process is not 'intentional' . . . ." Id.

4. Here, though Plaintiff may believe otherwise, the record does not support a finding

---

[1] The court recognizes that Defendant cited an incorrect legal standard in her motion, but has nonetheless liberally construed her pleadings. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) ("A document filed pro se is to be liberally construed.").

that Defendant engaged in culpable conduct. Defendant states in her motion that she spoke with Plaintiff and her attorney on December 3, 2015, and provided them with financial information. Plaintiff's attorney notified Defendant during their conversation that a settlement proposal would be sent to her. Defendant indicates, however, that she never received a settlement proposal but followed-up with Plaintiff's attorney by email on March 17, 2016. When that communication went unanswered, she assumed Plaintiff had decided not to pursue the case. That is not an unreasonable conclusion under the circumstances, and it certainly does not signify an intention to take advantage of Plaintiff, interfere with judicial decisionmaking, or manipulate the legal process. If anything, it demonstrates a willingness to informally resolve this matter short of further litigation.

5. The second factor requires Defendant to present "specific facts that would constitute a defense." Id. at 700. This burden "is not extraordinarily heavy," particularly when only entry of default is at issue. Id.; United States v. Signed Personal Check No. 730, 615 F.3d 1085, 1091 n.1 (9th Cir. 2010) ("Mesle"). "All that is necessary to satisfy the 'meritorious defense' requirement is to allege sufficient facts that, if true, would constitute a defense . . . ." Mesle, 615 F.3d at 1094.

6. "To establish a successful claim for copyright infringement, the plaintiff must prove (1) ownership of the copyright, and (2) 'copying' of protectible expression by the defendant." Baxter v. MCA, Inc., 812 F.2d 421, 423 (9th Cir. 1987). "Because direct evidence of copying is rarely available, a plaintiff may establish copying by circumstantial evidence of: (1) defendant's access to the copyrighted work prior to the creation of defendant's work, and (2) substantial similarity of both general ideas and expression between the copyrighted work and the defendant's work." Id.

7. In light of what Plaintiff must show to prove her case, the court finds that Defendant has satisfied the burden to demonstrate a potentially meritorious defense. In the set-aside motion, Defendant specifically details what in her opinion renders the accused product,

3

Case No.: 5:12-cv-04427-EJD
ORDER GRANTING IN PART AND DENYING IN PART MOTION TO SET ASIDE DEFAULT AND QUASH SERVICE OF PROCESS; DENYING AS MOOT MOTION FOR DEFAULT JUDGMENT; AND GRANTING MOTION TO STRIKE ANSWER

1  known as the "Kini Bikini," distinct from Plaintiff's copyrighted work. To that end, she indicates
2  the colors, fabric composition, design elements, shape, stitching and crochet knit are different.
3  These variations, if ultimately proven true, could mean the "Kini Bikini" is not substantially
4  similar to "Verdant Garden" for the purposes of an infringement claim. And while the court
5  understands that Plaintiff disputes Defendant's position on this issue, the parties' disagreement
6  simply cannot be resolved through this motion. Mesle, 615 F.3d at 1094. Indeed, it must be
7  sorted out through later litigation. Id.

8.  As to the third factor, the "standard is whether [Plaintiff's] ability to pursue [her] claim will be hindered." Falk v. Allen, 739 F.2d 461, 463 (9th Cir. 1984). "To be prejudicial, the setting aside of a judgment must result in greater harm than simply delaying resolution of the case." TCI Group, 244 F.3d at 701. "Rather, the delay must result in tangible harm such as loss of evidence, increased difficulties of discovery, or greater opportunity for fraud or collusion." Thompson v. Am. Home Assur. Co., 95 F.3d 429, 433-34 (6th Cir. 1996).

9.  Plaintiff states in her opposition that setting aside Defendant's default will delay a ruling on whether or not she has a copyright to "Verdant Garden." She suggests such delay is prejudicial because it will prevent her from protecting her rights against Defendant and other sellers of allegedly infringing products. The court is not persuaded. Indeed, what Plaintiff has described is merely the type of delay inherent to being forced to litigate a claim on the merits. To the extent Plaintiff has attempted to articulate some form of collusion between Defendant and other sellers, the court finds the explanation too speculative to support prejudice in this context. As such, the court concludes that setting aside the default is not prejudicial to Plaintiff under the applicable standard.

10.  Because the three relevant factors support it, and in light of the strong policy generally disfavoring default proceedings (Pena v. Seguros La Comercial S.A., 770 F.2d 811, 814 (9th Cir. 1985)), the court finds good cause to set aside the default under Rule 55(c). Accordingly, Defendant's motion (Dkt. No. 65) is GRANTED, and the default entered on March 11, 2016 (Dkt.

United States District Court
Northern District of California

1  No. 61) is SET ASIDE.  Consequently, the motion for default judgment (Dkt. No. 71) is DENIED
2  AS MOOT.
3      11.    Defendant has also moved to quash service of the summons but provided no legal
4  argument on that topic.  Thus, in the absence of any support for such relief, that request is
5  DENIED.
6      12.    What remains is Plaintiff's motion to strike the Answer.  Plaintiff argues the
7  Answer filed by Defendant while she was in default is an ineffective pleading.  Plaintiff is correct.
8  See, e.g., Facebook, Inc. v. Banana Ads, LLC, No. 11-CV-03619 YGR, 2013 U.S. Dist. LEXIS
9  57427, at *1-2 (N.D. Cal. Apr. 19, 2013).  Thus, the motion to strike (Dkt. No. 76) is GRANTED
10 and the Answer filed on March 30, 2016 (Dkt. No. 73), is STRICKEN.
11 Now that the default has been set aside, Defendant shall file an answer or otherwise
12 respond to the Complaint on or before **June 10, 2016.**
13 Defendant is advised that failure to respond by that deadline may result in the re-entry of
14 her default and, potentially, default judgment.  Assistance with responsive pleadings may be
15 available from The Federal Pro Se Program at the San Jose Courthouse.  Defendant can obtain
16 information regarding the Federal Pro Se Program by visiting the court's website at
17 http://cand.uscourts.gov/helpcentersj or by calling the Program at (408) 297-1480
18 The court also notes this case is scheduled for a Case Management Conference at **10:00
19 a.m on July 7, 2016.**  The parties shall file a Joint Case Management Conference Statement, or
20 separate statements under Civil Local Rule 16-9, on or before **June 30, 2016.**
21
22 **IT IS SO ORDERED.**
23 Dated:  May 11, 2016

EDWARD J. DAVILA
United States District Judge

5
Case No.: 5:12-cv-04427-EJD
ORDER GRANTING IN PART AND DENYING IN PART MOTION TO SET ASIDE
DEFAULT AND QUASH SERVICE OF PROCESS; DENYING AS MOOT MOTION FOR
DEFAULT JUDGMENT; AND GRANTING MOTION TO STRIKE ANSWER