|   |   |
|---|---|
| MARGARET EVE-LYNNE MIYASAKI,<br><br>Plaintiff,<br><br>v.<br><br>KYNA TREACY, et al.,<br><br>Defendants. | Case No. 5:12-cv-04427-EJD<br><br>**ORDER DENYING DEFENDANT'S MOTION TO DISMISS OR IN THE ALTERNATIVE TO TRANSFER; SETTING CASE MANAGEMENT CONFERENCE**<br><br>**RE: DKT. NO. 99** |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

## I. INTRODUCTION

In this copyright infringement action, Plaintiff Margaret Eve-Lynne Miyasaki ("Plaintiff") alleges that she created an original work of wearable art to be reproduced on textile fabrics that is protected by copyright. Defendant Kyna Treacy, dba Kini Bikini, kinibikini.com, kinibikini.com.au, and shopkinibikini.com ("Defendant") has allegedly infringed the copyrighted work by manufacturing, distributing, offering for sale, and selling copyrighted reproductions of the work of wearable art without Plaintiff's consent.

Pending before the Court is Defendant's motion to dismiss the First Amended Complaint ("FAC") pursuant to Fed.R.Civ.P. 12(b)(3), (b)(6) and (b)(7), or in the alternative to transfer the case pursuant to 14 U.S.C. §1404 to the Central District of California where Defendant currently resides.[1] For the reasons set forth below, Defendant's motion to dismiss or in the alternative to

---

[1] The Court rejects Plaintiff's contention that Defendant is prohibited from bringing a motion to

Case No.: 5:12-cv-04427-EJD
ORDER DENYING DEFENDANT'S MOTION TO DISMISS OR IN THE ALTERNATIVE TO TRANSFER

1

transfer is DENIED.

## II. BACKGROUND

Plaintiff is an individual residing in this district and Defendant is alleged to be a citizen and resident of Australia. FAC at ¶2. Plaintiff alleges that beginning in 1998, she created an original work of wearable art to be reproduced on textile fabrics known as "Verdant Garden." Plaintiff alleges that "Verdant Garden" incorporates a "unique crochet/lace stitch pattern that is primarily aesthetic, and that it is separable from the functional aspects of the wearable art." FAC at ¶4. Plaintiff alleges that since 1998, she has published, printed and reproduced her work of art in conformity with the Copyright Act of 1976, 17 U.S.C. §501 et seq. Plaintiff alleges that Defendant infringed the copyright by manufacturing, causing to be manufactured, distributing, offering for sale and/or selling articles of clothing incorporating Plaintiff's work of art.

On April 13, 2009, Plaintiff sent Defendant a letter via email notifying her of the unauthorized reproduction and sale of infringing items on Defendant's websites. The same day, Defendant allegedly responded via email, stating that she did not realize Plaintiff's work was protected by copyright and that she agreed to stop selling allegedly infringing items on her websites. Plaintiff alleges that Defendant continued infringing and that in August of 2009, Plaintiff served Defendant with a cease and desist letter setting a deadline of August 30, 2009 for Defendant to respond. Plaintiff alleges that Defendant failed to respond and is continuing her infringing activities. Plaintiff filed suit on August 22, 2012.

Defendant moves to dismiss the action on several grounds. First, Defendant contends that Plaintiff has not complied with the pre-suit copyright registration requirement set forth in 17 U.S.C. §411. Second, Defendant moves to dismiss the action as barred by the three year statute of limitations. Third, Defendant moves to dismiss the action pursuant to Fed.R.Civ.P 12(b)(7) for failure to join Kini Bikini as a defendant. Fourth, Defendant moves to dismiss the action for

---

dismiss after Defendant answered. Upon the filing of the First Amended Complaint, Defendant was entitled to bring a motion to dismiss. Fed.R.Civ.P. 15(a)(3).
Case No.: 5:12-cv-04427-EJD
ORDER DENYING DEFENDANT'S MOTION TO DISMISS OR IN THE ALTERNATIVE TO TRANSFER

2

1 improper venue pursuant to Fed.R.Civ.P. 12(b)(3), or in the alternative to transfer the action to the

2 Central District of California pursuant to 28 U.S.C. §1404(a).

### III. STANDARDS

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) tests the legal sufficiency of claims alleged in the complaint. Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). When deciding whether to grant a motion to dismiss, the court must generally accept as true all "well-pleaded factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 664 (2009). The court must also construe the alleged facts in the light most favorable to the plaintiff. See Retail Prop. Trust v. United Bhd. of Carpenters & Joiners of Am., 768 F.3d 938, 945 (9th Cir. 2014) (providing the court must "draw all reasonable inferences in favor of the nonmoving party" for a Rule 12(b)(6) motion). Dismissal "is proper only where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001).

### IV. DISCUSSION

#### A. Pre-suit Registration Requirement

Defendant contends that Plaintiff's suit is barred because she did not comply with the preregistration or registration requirement set forth in 17 U.S.C. §411. Plaintiff contends that her original work of wearable art is a "work of visual art" protected by the Visual Artists Rights Act ("VARA") and therefore, Section 411 is not applicable by its express terms. The VARA was enacted in 1990 as an amendment to the Copyright Act and applies only to "works of visual art." 17 U.S.C. §106A.

The preregistration or registration requirement set forth in Title 17 United States Code Section 411 provides in relevant part that "[e]xcept for an action brought for a violation of the rights of the author under [VARA], and subject to the provisions of subsection (b), no civil action for infringement of the copyright in any United States work shall be instituted until preregistration

or registration of the copyright claim has been made in accordance with this title." VARA does not define the term "work of visual art," however the United States Copyright Office construes "work of visual art" to include, among other things, "[a]rtwork applied to clothing or to other useful articles," "[n]eedlework," "[f]abric" designs, "[p]atterns for . . . crochet, needlework," and "lace designs." See U.S. Copyright Office Circular 40 attached as Ex. 1 to Decl. in Opp. to Defendant's Second Motion to Dismiss or Transfer. Plaintiff alleges that "Verdant Garden" incorporates a unique crochet/lace stitch pattern and her work thus falls within the definition of "work of visual art" set forth in Circular 40.

Citing Cheffins v. Stewart, 825 F.3d 588 (9th Cir. 2016), Defendant nevertheless contends that Plaintiff's work of art is not a "work of visual art" but instead is "applied art." In Cheffins, the creators of a mobile replica of a 16th-century Spanish galleon built from a used school bus brought an action for violation of Section 106(A). The Ninth Circuit held that the replica was "applied art" and not a "work of visual art." In analyzing whether the galleon fell within or outside the scope of "works of visual art," the Cheffins court first looked to the definition of a "work of visual art" provided in the Copyright Act because VARA does not define the term. The Copyright Act defines "work of visual art" in the affirmative and in the negative. In pertinent part, the Copyright Act provides that a "work of visual art" is not "applied art." 17 U.S.C. §101. Recognizing that VARA also does not define "applied art," the Cheffins court next relied upon Second Circuit precedent holding that a sculpture constructed of portions of a school bus and affixed to a wall in a building lobby was not "applied art." Cheffins, 825 F.3d at 593 (citing Carter v. Helmsley-Spear, Inc., 71 F.3d 77 (2d Cir. 1995)). The Cheffins court was also persuaded by Second Circuit caselaw holding that the VARA "may protect a sculpture that looks like a piece of furniture, but it does not protect a piece of utilitarian furniture, whether or not it could arguably be called a sculpture." Id. (quoting Pollara v. Seymour, 344 F.3d 265, 269 (2d Cir. 2003)). The Cheffins court ultimately concluded that the galleon was "applied art" because "it began as a rudimentary utilitarian object, and despite being visually transformed through elaborate artistry, it

continued to serve a significant utilitarian function upon its completion." Id. at 595.

The present case is factually distinguishable from Cheffins. Here, Plaintiff seeks protection of a work of wearable art that incorporates crochet and lace stitch pattern (FAC at ¶4) and the definition of "works of visual art" in Circular 40 includes patterns for crochet, needlework and lace designs. In contrast, the Cheffins court focused entirely on a sculpture and had no reason to evaluate the applicability of the definition for "works of visual art" set forth in Circular 40.

Defendant next contends that Plaintiff's wearable art is not eligible for protection under Section 106(A) because it serves a utilitarian purpose. See Cheffins, 825 F.3d at 593. Circular 40 states, however, that "a useful article may have both copyrightable and uncopyrightable features. For example, a carving on the back of a chair or a floral relief design on silver flatware could be protected by copyright, but the design of the chair or flatware itself could not." See Circular 40, p. 2. Applying this reasoning, Plaintiff's wearable art may also have copyrightable features. See also Jovani Fashion, Ltd. v. Cinderella Divine, Inc., 808 F.Supp.2d 542, 547 (S.D. N.Y. 2011) (elements of dress designs may be protected where they are "physically or conceptually" separable from the useful article). Plaintiff has alleged that her work of art incorporates a crochet and lace stitch pattern that "is primarily aesthetic, and that it is separable from the functional aspects of the wearable art." Id. Therefore, the Cheffins decision is not controlling.

Defendant further contends that Circular 40 was updated in September 2015 and now requires pre-suit registration. Plaintiff's suit, however, was initiated in 2012, well before the updated version of Circular 40 was issued. Defendant has not cited, nor is this Court aware, of any authority that would mandate retroactive application of updated Circular 40 to Plaintiff's case, especially when 17 U.S.C. §411 has not been expressly amended to exclude Section 106A claims.

B.  Statute of Limitations

Defendant contends that Plaintiff's claim is time barred, having been filed more than three years after Plaintiff contacted Defendant regarding alleged infringement. Plaintiff contacted Defendant on April 13, 2009, and filed suit more than three years later on August 22, 2012.

Case No.: 5:12-cv-04427-EJD
ORDER DENYING DEFENDANT'S MOTION TO DISMISS OR IN THE ALTERNATIVE TO TRANSFER

5

Plaintiff nevertheless contends that her claim is timely because she has alleged a continuing violation.

The Copyright Act requires an action to be commenced "within three years after the claim accrued." 17 U.S.C. §507. "A cause of action for copyright infringement accrues when one has knowledge of a violation or is chargeable with such knowledge." Roley v. New World Pictures, Ltd., 19 F.3d 479, 481 (9th Cir. 1994). In this case, Plaintiff had knowledge of the alleged violation or was chargeable with knowledge of the violation on April 13, 2009. The Supreme Court, however, has held that "if infringement occurred within three years prior to filing, the action will not be barred even if prior infringements by the same party as to the same work are barred because they occurred more than three years previously." Petrella v. Metro-Goldwyn-Mayer, Inc., 134 S.Ct. 1962, 1964 (2014) (citing 3M. Nimmer & D. Nimmer, Copyright §12.05[B][1][b], p. 12-150.4 (2013)). Plaintiff alleges ongoing acts of infringement through at least the summer of 2011 based upon Defendant's continued advertising of allegedly infringing items on her website. FAC at ¶12. The alleged advertising provides circumstantial evidence of unlawful infringement. Therefore, Plaintiff's suit is not time barred.[2] See Petrella, 134 S.Ct. at 1964.

C. Alleged Failure to Join a Party

Pursuant to Rule 12(b)(3), Fed.R.Civ.P., a complaint may be dismissed for failure to join an indispensable party. Defendant contends that Kini Bikini is an Australian corporate entity, is alleged to be the seller of infringing goods, and that it would be prejudicial to Defendant to proceed with this action without Kini Bikini. The Certificate of Registration upon which Defendant relies, however, identifies "Frockstar PTY LTD," not Kini Bikini, as an Australian corporate entity. Therefore, Defendant's Rule 12(b)(3) motion is denied.

---

[2] Defendant contends that she did not sell or market any allegedly infringing designs in this district, nor sell or market any allegedly infringing designs to residents of this district. See Defendant's Decl. at ¶¶4-6. At the pleading stage, however, the allegations in the complaint are accepted as true.

Case No.: 5:12-cv-04427-EJD
ORDER DENYING DEFENDANT'S MOTION TO DISMISS OR IN THE ALTERNATIVE TO TRANSFER

6

D. Venue

Citing to 28 U.S.C. §1391(b), Defendant contends that venue is improper because she does not reside in this district and because the events giving rise to the claim did not occur this district. Plaintiff contends that venue is proper in this district pursuant to 28 U.S.C. §1391(c)(1) and (c)(3) because at the time the complaint was filed in August of 2012, Defendant was a resident of Australia.

A party may bring a motion to dismiss an action for improper venue pursuant to Fed.R.Civ.P. 12(b)(3). Plaintiff bears the burden of establishing that venue is proper. See Piedmont Label Co. v. Sun Garden Packing Co., 598 F.2d 491, 496 (9th Cir. 1979) ("Plaintiff had the burden of showing that venue was properly laid in the Northern District of California."). When ruling on a Rule 12(b)(3) motion, a court need not accept as true the allegations in the complaint, and may consider facts outside the pleadings. Murphy v. Schneider Nat'l, Inc., 362 F.3d 1133, 1137 (9th Cir. 2004). Nevertheless, the court must draw all reasonable inferences and resolve all factual conflicts in favor of the non-moving party. Id. at 1138.

The general venue statute provides in pertinent part that "a defendant not resident in the United States may be sued in any judicial district." 28 U.S.C. §1391(c)(3). In contrast, 28 U.S.C. §1400(a) provides that a civil suit for copyright infringement may be instituted in the district in which the defendant "resides or may be found." "As a general matter, courts have interpreted special venue provisions to supplement, rather than preempt, general venue statutes." Go-Video, Inc. v. Akai Electric Co., Ltd., 885 F.2d 1406, 1409 (9th Cir. 1989). If venue is found to be improper, a court must either dismiss for lack of venue or transfer the case to any district in which it could have been originally brought. 28 U.S.C. §1406(a). If venue is found to be proper, the court may nevertheless transfer the action pursuant to 28 U.S.C. §1404(a) for the convenience of the parties, the witnesses, and in the interest of justice.

Venue is ordinarily determined at the time an action is commenced. Telefrancia v. Robinson Export & Import Corp., 921 F.2d 556, 559 (4th Cir. 1990). Accordingly, the allegations

Case No.: 5:12-cv-04427-EJD
ORDER DENYING DEFENDANT'S MOTION TO DISMISS OR IN THE ALTERNATIVE TO TRANSFER

7

in the original complaint are controlling and the Court rejects Defendant's contention to the contrary. In the original complaint filed August 22, 2012, Plaintiff alleges that Defendant is a resident of Australia.[3] Defendant does not deny that on August 22, 2012 she was resident of Australia. Instead Defendant states in declaration dated July 19, 2016: "I reside in Los Angeles, CA and am a lawful permanent resident of the United States." Defendant's Decl. at ¶7. Defendant, however, does not specify when she attained lawful permanent resident status. Drawing all reasonable inferences in Plaintiff's favor, the Court finds that venue is appropriate in this district pursuant 28 U.S.C. §1391(c)(3).

Lastly, Defendant contends it would be more convenient for her to defend this lawsuit in the Central District of California where she currently resides. She asserts that she has limited resources and is not in a position to defend the lawsuit in this district. She also asserts that she is presumably the primary witness and the holder of any relevant documents, and that Plaintiff would suffer no prejudice by having to litigate in the Central District.

A court may transfer an action to another district for the convenience of the parties, the convenience of the witnesses, and in the interest of justice. 28 U.S.C. §1404(a). In determining whether to transfer an action pursuant to Section 1404(a), the following factors are considered: (1) the plaintiff's choice of forum, (2) the convenience of the parties, (3) the convenience of the witnesses, (4) ease of access to the evidence, (5) familiarity of each forum with the applicable law, (6) feasibility of consideration of other claims, (7) any local interest in the controversy, and (8) the relative court congestion and time of trial in each forum. Barnes & Noble v. LSI Corp., 823 F.Supp.2d 980, 993 (N.D. Cal. 2011). "The burden is on the party seeking transfer to show that when these factors are applied, the balance of convenience clearly favors transfer." Alul v. American Honda Motor Company, Inc., No. 16-04384 JST, 2016 WL 9116934 (N.D. Cal. Dec. 7, 2016) (citing Commodity Futures Trading Comm'n v. Savage, 611 F.2d 270, 279 (9th Cir. 1979)).

---

[3] Consistent with the original complaint, Plaintiff alleges in her First Amended Complaint filed in June of 2016 that Defendant was a citizen and resident of Australia.

A transfer is not appropriate if the result is merely to shift the inconvenience from one party to another. Van Dusen v. Barrack, 376 U.S. 612, 645–46 (1964).

Defendant's showing is insufficient to justify transferring this action to the Central District. Plaintiff is entitled to her choice of forum and Defendant has not attempted to address the eight factors set forth above. Further, the likely result of a transfer would be "merely to shift the inconvenience from one party to another." Id.

## V.  CONCLUSION

Based upon all pleadings filed to date and for the reasons set forth above, Defendant's motion to dismiss, or in the alternative to transfer venue, is DENIED. The Court will conduct a case management conference on December 7, 2017 at 10:00 a.m. The parties shall file an updated joint case management statement no later than November 27, 2017.

**IT IS SO ORDERED.**

Dated: October 18, 2017

EDWARD J. DAVILA
United States District Judge

Case No.: 5:12-cv-04427-EJD
ORDER DENYING DEFENDANT'S MOTION TO DISMISS OR IN THE ALTERNATIVE TO TRANSFER

9